**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BENJAMIN EDWARD MORRISON, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 03-CV-317-JHP-PJC |
| ) | |
| **RANDALL WORKMAN, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 amended petition for writ of habeas corpus (Dkt. # 8). Petitioner challenges his convictions and sentences entered in Tulsa County District Court, Case No. CF-2000-4457. Respondent filed a response (Dkt. # 11), and has provided the state court records[1] necessary for adjudication of Petitioner's claims (Dkt. # 12). Petitioner filed a reply (Dkt. # 13) to Respondent's response. For the reasons discussed below, the Court finds the amended petition shall be denied.

## *BACKGROUND*

Around 8:00 a.m on August 3, 2000, Kelly Mason was jogging with her friend, Kelly Smakal, on the River Parks trail in Tulsa, Oklahoma. A male stranger grabbed Ms. Mason's buttocks as he passed her going the other direction. That same morning, Christina Bradshaw was walking along the River Parks trail with her friend when a passing stranger grabbed Ms. Bradshaw's buttocks as he passed going in the other direction. Shortly thereafter, Margaret Pray was walking

---

[1] A portion of the state court records provided includes the transcript of Petitioner's jury trial in Tulsa County District Court Case No. CF-2000-4457. The Court notes that pages 325-39 are missing from Volume II of the transcript. See Dkt. #12. The missing pages appear to cover the final questions in the direct examination of prosecution witness Don Campion and the beginning of the cross-examination of Mr. Campion by defense counsel. Because the testimony of Mr. Campion does not materially affect this Court's ruling, no requirement is being made to provide the missing pages.

alone down the bike path trail approximately two blocks from the River Parks trail, when she was attacked by a stranger. The man pulled down Ms. Pray's shorts and panties and attempted to have sexual intercourse with her. The attack was interrupted when another passerby, Don Campion, saw what was happening and scared off the attacker. All five women and Mr. Campion identified Petitioner from a photo lineup as the person who committed the aforementioned acts. Petitioner was arrested and charged with one count of attempted first degree rape and two (2) counts of sexual battery in Tulsa County District Court, Case No. CF-2000-4457. He was convicted by a jury on all three counts, and was sentenced to twenty-five (25) years imprisonment on the attempted rape conviction and one (1) year imprisonment on each of the sexual battery convictions. The sentences were ordered to be served consecutively.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2001-1017. On direct appeal, Petitioner raised five (5) propositions of error as follows:

| | |
|---|---|
| Proposition I: | A discovery violation deprived Benjamin Morrison of due process of law and caused ineffective assistance of counsel. |
| Proposition II: | The evidence was insufficient to support the charges of sexual battery against Mr. Morrison. |
| Proposition III: | The trial court committed plain error by failing to instruct the jury on simple battery as a lesser included crime of sexual battery. |
| Proposition IV: | The sentences were excessive. |
| Proposition V: | The cumulative effect of all these errors deprived Mr. Morrison of a fair trial. |

(Dkt. # 11, Ex. A).  By order entered September 27, 2002, the OCCA affirmed Petitioner's convictions and sentences (Dkt. # 11, Ex. C).  Petitioner did not seek post-conviction relief in the state courts.

On May 13, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). By Order entered April 5, 2004, this Court found the petition subject to dismissal because it contained both exhausted and unexhausted claims (Dkt. # 7). Petitioner was allowed twenty (20) days to submit an amended petition containing only the exhausted claims and deleting the unexhausted claim (Id. at 6). Petitioner then filed an amended petition, seeking habeas corpus relief on the following grounds:

> Ground 1: A discovery violation deprived petitioner of due process and caused ineffective assistance of counsel.
>
> Ground 2: The evidence was insufficient to support the charges of sexual battery against petitioner.
>
> Ground 3: The trial court committed plain error by failing to instruct the jury on simple battery as a lesser included crime of sexual battery.
>
> Ground 4: The sentences were excessive.
>
> Ground 5: The cumulative effect of these errors deprived petitioner of a fair trial.

See Dkt. # 8. Respondent contends that the issues raised by Petitioner in his amended petition are either not cognizable in this habeas corpus proceeding, or without merit (Dkt. # 11).

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, and the Court agrees, that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See

Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by state courts**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated the merits of Petitioner's claims on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

**1.      Discovery violation (Ground 1)**

For his first proposition of error, Petitioner claims that the prosecutor failed to disclose key testimony of one of the witnesses, depriving him of due process. He also asserts that the prosecutor's failure to disclose "caused ineffective assistance of [trial] counsel." Dkt. # 8 at 5.a. The OCCA

rejected the claim, finding:

> In Proposition I, we find the record does not clearly show whether or not a discovery violation occurred. Assuming arguendo, the State failed to adhere to its continuing duty to disclose under the Criminal Discovery Code by failing to inform the defense about Christina Bradshaw's "new memory" of observing Appellant change his clothes prior to the attacks in the park, any error was harmless. *See Stemple v. State*, 994 P.2d 61, 67-68 (Okl. Cr. 2000). The "new memory" evidence was not material, did not change the theory of the case, or cause Appellant to change his strategy. *Stemple*, 994 P.2d at 68.
>
> Further, Appellant has failed to show trial counsel was ineffective as he has failed to show counsel's conduct was deficient or that he was prejudiced by counsel's performance. *See Black v. State*, 21 P.3d 1047, 1071 (Okl. Cr. 2001).

Dkt. # 11, Ex. C at 2.

*Failure to disclose "new" testimony of key witness*

It is fundamental that this Court does not grant habeas relief for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). If a state court does not follow its own rules, this error will not support habeas relief unless failure to follow the rules constituted a violation of due process guaranteed by the federal constitution. See Hicks v. Oklahoma, 447 U.S. 342, 346 (1980). A petitioner who alleges a due process violation carries the heavy burden of showing that "the deprivation occasioned by the state's failure to follow its own law [is] arbitrary in the constitutional sense; that is, it must shock the judicial conscience." Aycox v. Lytle, 196 F.3d 1174, 1180 (10th Cir. 1999). This Court will not disturb a state court's evidentiary ruling on due process grounds unless the error was "so unduly prejudicial that it renders the trial fundamentally unfair." Payne v. Tennessee, 501 U.S. 808, 825 (1991); Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir. 2000) (error must be "so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process."). This Court concludes that Petitioner has not demonstrated that the admission of "new" testimony rendered his proceeding fundamentally unfair.

Petitioner complains that he was surprised when one of the victims, Christina Bradshaw, testified at trial that she had seen Petitioner changing clothes in the parking lot prior to taking her walk. See Dkt. # 12, Tr. Trans. Vol. I at 229-30. Ms. Bradshaw admitted that she had not volunteered this information in previous testimony. Id. at 229, 240-41. Petitioner claims this undisclosed testimony was "material because eyewitness identification of the assailant concerning his physical description and clothing was a crucial part of this case. . . [and] an important aspect of the defense was the testimony regarding what petitioner was wearing on the morning of the attacks." Dkt. # 8 at 5.a. This objection falls short of a showing of denial of due process. Although the prosecution witnesses were not unanimous in their descriptions of the clothing worn by the attacker, they were all unequivocal in their identification of Petitioner as the attacker based upon their close-up observances of his face. See Dkt. # 12,Tr. Trans. Vol. I at 179 (Kelly Mason); Tr. Trans. Vol. I at 205-06 (Kelly Smakal); Tr. Trans. Vol I at 229 (Christina Bradshaw); Tr. Trans. Vol. I at 275 (Margaret Pray); Tr. Trans. Vol. II at 320 (Don Campion). Even if the state failed to disclose witness Bradshaw's "new" testimony, such failure did not render Petitioner's trial fundamentally unfair. Petitioner's defense strategy was to deny that he had been on the River Walk or bike trail the morning of August 3, 2000. He presented numerous alibi witnesses who testified about his whereabouts on that morning, and he testified in his own defense detailing his actions that morning. Petitioner fails to convince this Court that Ms. Bradshaw's "new" testimony would have altered his defense or changed the outcome of the trial. He was not denied due process, and relief shall be denied on this claim.

*Ineffective assistance of trial counsel*

In the second part of his ground one claim, Petitioner asserts that the prosecution's failure

to disclose the "new" testimony of witness Bradshaw "caused ineffective assistance of counsel" because defense counsel was surprised by the testimony and had no opportunity for investigation. Dkt. # 8 at 5.a. Citing Black v. State, 21 P.3d 1047, 1071 (Okla. Crim. App. 2001),[2] the OCCA denied relief on this claim because Petitioner did not demonstrate that his counsel was deficient or that he was prejudiced by counsel's performance. Dkt. # 11, Ex. C at 2.

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of this claim was an unreasonable application of Supreme Court precedent. To establish ineffective assistance of counsel a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional

---

[2] The Black case relies upon and cites to the standards set forth in Strickland v. Washington, 446 U.S. 668 (1984).

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the first prong of the Strickland standard. His counsel did not perform below the level of competence expected from a reasonably competent attorney when confronted with the unexpected testimony of witness Christina Bradshaw. To the contrary, Petitioner's counsel conducted a rigorous cross-examination of Ms. Bradshaw, including questions about her "new" memory:

> Q: Now, referencing your testimony -- is it your testimony on direct that you saw this individual changing clothing at roughly 17th and Riverside?
>
> A: I saw him changing clothing, yes. When I pulled up and parked my car, I had to park right beside him.
>
> Q: Okay. And are telling us that you've recently discovered this memory in your mind?
>
> A: Yes. It wasn't too awfully long ago, no.
>
> Q: Okay. Obviously we don't see any reference to that here in Defendant's Exhibit No. 3, do we?
>
> A: No.
>
> Q: Okay. And I'm handing you what has been marked as Defendant's Exhibit No. 4, which was another statement that you gave to the police; right?
>
> A: Uh-huh.
>
> Q: Now, if you could take your time and study that document.
>
> A: This document tells exactly what happened when he attacked me on Riverside.
>
> Q: Right. I understand. But in that document, we don't have any reference to your observing him at 17th and Riverside changing clothing, do we?
>
> A: No.

See Dkt. # 12, Tr. Trans. Vol. I at 240-41. Defense counsel continued to question Ms. Bradshaw about her previous testimony in meetings with police and in three prior court proceedings. She admitted that she had never mentioned the "newfound memory" before (Id. at 243). This Court agrees with the OCCA's conclusion that counsel's performance was not deficient. The OCCA's decision was not contrary to, nor an unreasonable application of, Strickland. Petitioner is not entitled to habeas relief on this issue.

### 2.     Insufficient evidence (Ground 2)

As his second proposition of error, Petitioner argues that the State failed to produce sufficient evidence for a finding of guilt on the two counts of sexual battery. See Dkt. # 8.  Specifically, Petitioner asserts that the prosecution failed to prove one of the essential elements of the crime - that he acted in a lewd and lascivious manner (Id. at 6). He argues that the testimony of witnesses reveals that "petitioner did nothing more than grab them as he passed by them on the jogging trail," and that the "assailant did not speak to them at all during the encounter." See Dkt. # 13 at 6. Petitioner contends that, "Merely grabbing the two women on their butts as they passed by on the jogging trail does not demonstrate either lustfulness or an eagerness for sexual indulgence," as required by the elements of the crime of sexual battery. Id.  On direct appeal, the OCCA rejected Mr. Morrison's claim of insufficient evidence, finding that:

> In Proposition II, we find the evidence sufficient to support the convictions for sexual battery. *See Spuehler v. State*, 709 P.2d 202, 203-204 (Okla. Cr. 1985).[3] Viewed in the light most favorable to the State, Appellant's forceful touching, without permission, of areas of the body which we usually do not allow strangers to touch, clearly meets the definition of "lewd" and "lascivious."

---

[3] The Court notes that the Spuehler case recognizes and adopts the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979).

(Dkt. # 11, Ex. C at 2-3).

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1);

Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of sexual battery applicable to the sufficiency of the evidence standard. See, e.g., Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003); see also Jackson, 443 U.S. at 324 n. 16. At the time of the acts committed by Petitioner, sexual battery was defined in Oklahoma statutes as the "intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older in a lewd and lascivious manner and without the consent of that person." See Okla. Stat. tit. 21, § 1123(B)(1991). Further, the words "lewd" and "lascivious" have the same meaning under Oklahoma law, and signify conduct which is lustful and which evinces and eagerness for sexual indulgence. Dkt. # 12, Tr. Trans. Vol. III at 421. The question of Petitioner's intent was a proper question for the jury. Petitioner's jury was instructed that the State must prove all the elements of sexual battery before the jury could convict Petitioner. Id.

After viewing the evidence presented at trial in the light most favorable to the prosecution, the Court finds that the jury could reasonably have found proof of guilt beyond a reasonable doubt that Petitioner was guilty of two counts of sexual battery. Although Petitioner denies that he was in the area when the two victims were grabbed on their buttocks (see testimony of Petitioner at Dkt. # 4, 144-59), the jury was provided considerable evidence which would make his denial seem improbable. See Wingfield, 122 F.3d at 1333. During Petitioner's trial, the jury heard testimony from three eyewitnesses who identified Petitioner as the one who grabbed the two victims of the sexual battery. Further, both victims emphatically stated that they did not authorize anyone to grab them on the buttocks. See Dkt. # 12, Tr. Trans. Vol. I at 172 (Kelly Mason); 223 (Christina Bradshaw). The OCCA found the unlawful, unauthorized grabbing to fall squarely within the state's

definition of lewd and lascivious. Based on Oklahoma law and the cited testimony, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of sexual battery on both victims. Thus, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the sufficiency of the evidence for the two sexual battery convictions shall be denied.

### 3. Failure to instruct on lesser included offense (Ground 3)

For his third proposition of error Petitioner claims that the trial court erred in refusing to instruct the jury on simple battery as a lesser included offense of sexual battery. Respondent contends that the issue is one of state law and is not proper for federal habeas corpus review.

The Tenth Circuit Court of Appeals has held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993). Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Accordingly, habeas relief shall be denied on Petitioner's claim that his constitutional rights were violated because the trial court failed to give jury instructions on a lesser included offense.

### 4. Excessive sentence (Ground 4)

As noted earlier, it is well established that it is not the role of a federal habeas corpus court to correct errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991). Whether the interpretation and application by the Oklahoma courts of its sentencing statutes is correct or not is a matter of state

law that is not actionable in a habeas proceeding. See Bond v. State of Oklahoma, 546 F.2d 1369 (10th Cir. 1976). To obtain federal habeas corpus relief based on an excessive sentence claim, Petitioner must demonstrate that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987). The Tenth Circuit has noted that, "Generally, . . . appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute." Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir. 1988).

Petitioner's ground four claim arises out of application of Oklahoma's sentencing statutes. Petitioner does not challenge the constitutionality of Oklahoma's sentencing statutes. Although he makes a generalized statement that his punishment is excessive because he had no criminal history, was employed at the time of the crime, and the jury was influenced by improper factors such as Ms. Bradshaw's "new memory," he admits that the punishment is "within the range provided by law." See Dkt. # 8 at 7.b. Nonetheless, his "excessive sentence" claim is not cognizable in federal habeas corpus unless he can show that it is "wholly unauthorized by law." Haynes, 825 F.2d at 924.

Petitioner argues in his reply to Respondent's response that habeas review is appropriate in this case because his sentences are "unauthorized by law" as there "was no pre-sentence investigation and report made of the petitioner before the sentences were imposed." See Dkt. # 13 at 10. The state court record contradicts this assertion. A "Pre-Sentence Investigation" report filed in his case reveals several criminal offenses including larceny and drug crimes from 1991-2000, and indicates that Petitioner "has been arrested twenty-six times on traffic related offenses." Dkt. # 12, Original Record, Vol. II at 359-62.

Because Petitioner's sentences fall within established statutory limits and he has not

demonstrated that it was unauthorized by law, Petitioner has failed to show a federal constitutional violation. Habeas relief shall be denied on this issue.

### 5. Cumulative error (Ground 5)

In his fifth proposition of error Petitioner seeks habeas corpus relief on the ground that the cumulative effect of all errors deprived him of a fair trial. The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing U.S. v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's claims, the Court finds no basis for a cumulative error analysis. Petitioner is not entitled to relief on this ground.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 8), is **denied**. A separate Judgment shall be entered in this case.

DATED THIS 21st day of August, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma